IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–00075–MDB

LEIGH RILEY,

    Plaintiff,

v.

TALENTED GHOSTWRITER,
360 DIGITAL MARKETING LLC,
RETROCUBE LLC, and
TEXONA MARKETING LLC,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the court *sua sponte* on Plaintiff's Complaint. (Doc. No. 1.) In the Complaint, Plaintiff asserts that this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332. (*Id.* at 2.) For the following reasons, the Court cannot ascertain whether subject matter jurisdiction, in fact, exists.

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). In every case and at every stage of the proceeding, a federal court must satisfy itself as to its jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980); *see also The Wilderness Soc. V. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring) (Federal

courts are "duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction."). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005); *see Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction").

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."[1] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). In this case, Plaintiff asserts subject matter jurisdiction predicated upon diversity of citizenship, which requires: (1) complete diversity among the parties; and (2) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (construing 28 U.S.C. § 1332 to require "complete diversity between all plaintiffs and all defendants") (citation omitted). For individuals, "state citizenship is the equivalent of domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983); *accord Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) ("To establish domicile in a particular state, a person must be physically present in the state and intend

---

[1] The Court notes that Plaintiff proceeds *pro se*. In the case of a *pro se* litigant, the Court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, Plaintiff's *pro se* status does not vitiate her obligation to adhere to and comply with "the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))

to remain there."). In the case of a limited liability company ["LLC"], "a[n] LLC 'takes the citizenship of all its members.'" *Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC*., 887 F.3d 1003, 1014 (10th Cir. 2018) (quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)). In other words, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)

Here, the Complaint asserts claims against three LLC defendants—360 Digital Marketing LLC, Retrocube LLC, and Texona Marketing LLC—and one entity defendant of an undefined structure—Talented Ghostwriter.[2] (Doc. No. 1 at 1–2.) In support of diversity jurisdiction, the Complaint asserts that Talented Ghostwriter is incorporated in California and has a principal place of business in California; 360 Digital Marketing LLC is incorporated in Texas and has a principal place of business in Texas; Retrocube LLC is incorporated in Texas and has a principal place of business in Texas; and, Texona Marketing LLC incorporated in Texas and has a principal place of business in Texas. (*Id.* at 2–3.) Plaintiff asserts she is a citizen of Colorado. (*Id.* at 2.) Plaintiff further states that she is seeking $234,500 in damages. (*Id.* at 5.)

Based on the Complaint, the Court cannot determine whether diversity jurisdiction indeed exists. In attempting to establish jurisdiction, the Complaint articulates the factors considered in the case of *incorporated* defendants—the place of incorporation and the principal place of

---

[2] The Court independently attempted to ascertain Talented Ghostwriter's status by reviewing the California Secretary of State's database. *See Business Search*, CALIFORNIA SECRETARY OF STATE, https://bizfileonline.sos.ca.gov/search/business (last access Feb. 2, 2023). However, searches for "Talented Ghostwriter" did not produce any results.

3

business of the entity. *See* 28 U.S.C. § 1332(c)(1). As noted above, however, in the case of an LLC—an unincorporated entity—citizenship is determined based on the *citizenship of the individual LLC members*. Here, the Complaint does not refer to the LLC members' citizenship.[3] *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Operating Co. v. Owens*, 574 U.S. 81 (2014) ("[A federal district court] must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states.").

Accordingly, because the information known to the Court is presently insufficient to ensure that it possesses subject matter jurisdiction over this case, it is

**ORDERED** that, on or before **March 6, 2023**, Plaintiff shall show cause, in writing, as to why this case should not be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. If Plaintiff fails to comply with this Order to Show Cause, the Court will recommend the dismissal this action without further notice.

Dated this 13th day of February 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

---

[3] And further, based on the Complaint and the Court's own research, the organizational status of Talented Ghostwriter is unclear. Thus, the citizenship of Talented Ghostwriter is unclear.